```
ZACH COWAN, City Attorney                SBN 96372
MARK J. ZEMBSCH, Deputy City Attorney    SBN 127901
MZembsch@ci.berkeley.ca.us
2180 Milvia Street, Fourth Floor
Berkeley, CA 94704
TEL.:  (510) 981-6998
FAX.:  (510) 981-6960

Attorneys for Defendants
CITY OF BERKELEY and DAVID HODGKINS

DAVID M. POORE                           SBN 192541
KAHN BROWN & POORE LLP
DPoore@kahnbrownlaw.com
2200 Powell St., Suite 745
Emeryville, California  94608
TEL:  (510) 923-6280
FAX:  (510) 923-6285

Attorneys for Plaintiff
TIMOTHY GARDNER
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY GARDNER,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>CITY OF BERKELEY, DAVID HODGKINS;<br>DOUG HAMBLETON; ROY MEISNER;<br>BOBBY MILLER,<br><br>　　　　　Defendants. | **NO.  C10-03410 EMC**<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER**<br><br>Date:　　　　December 1, 2010<br>Time:　　　　1:30 p.m.<br>Courtroom: C, 15th Floor<br>　　　　　　　Hon. Edward M. Chen<br><br>Complaint Filed:  June 25, 2010<br>Removed to Federal Court:  Aug. 3, 2010 |

**1.**　　**Jurisdiction and Services:**  The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

**Response:**

The court's subject matter jurisdiction is based upon 28 U.S.C. §§ 1331 and 1441(b) and 42 U.S.C. § 1983 alleging violations of the United States Constitution.  Defendant has no counterclaims.  There are no issues regarding personal jurisdiction.  Individual Defendants Doug Hambleton, Roy Meisner, and Bobby Miller remain unserved.  The parties have met and conferred about these individual Defendants, and Plaintiff understands that they are no longer employed at the City of Berkeley.  Plaintiff requests early discovery to obtain their last known addresses, telephone numbers, and/or email addresses.

The City asserts that the unserved individual defendants (all retired sworn police officers) are not proper defendants, as they all retired prior to Plaintiff's few allegations that are not time-barred.

**2.   Facts:**  A brief chronology of the facts and a statement of the principal factual issues in dispute.

**Plaintiff's Response:**

Plaintiff Timothy Gardner is a former Police Officer with the City of Berkeley.  Plaintiff was hired as a Police Officer Trainee in July 1995, and was made a permanent Police Officer in December 1995.  Plaintiff's goal was to achieve a career as a peace office with the City of Berkeley.

In 2001, plaintiff was injured on the job.  In December 2001, plaintiff's treating physicians diagnosed him with right-shoulder impingement syndrome, a disability and medical condition that substantially limited plaintiff's major life activities, including working, sleeping, caring for himself, and conducting normal daily living activities.  Defendant City of Berkeley placed plaintiff into a disability retirement status as a result of the workplace injuries and diagnosis.

During this period of time, Defendant Meisner, who was the Chief of Police for the Berkeley Police Department, was furious at plaintiff for his work place injuries, and told Plaintiff that he believed that Plaintiff was only seeking disability retirement in order to "get more money".  Defendant Meisner shared his animus towards Plaintiff and his workplace injury with the other individual Defendants and the senior leadership within the Berkeley Police Department,

1  and painted plaintiff as a "complainer" and trouble-maker who was "scared to work the street"
2  due to Plaintiff's injury.  Plaintiff was informed "now is not a good time to get hurt."  As a
3  result, Defendants characterized Plaintiff as having a "reputation" of being an injured police
4  officer who was a liability to the Berkeley Police Department.
5       After conducting a successful rehabilitation, in or about 2003, Plaintiff's treating
6  physicians determined that Plaintiff could return to work as a Police Officer with reasonable
7  accommodations.  As a result, during the course of the next several years, Plaintiff made
8  reasonable attempts to seek reinstatement to his position of Police Officer.  Despite Plaintiff's
9  requests, Defendants refused to reinstatement Plaintiff because Defendant Meisner did not want
10 an injured worker back on the force.
11      When Plaintiff attempted to seek assistance from the City of Berkeley's Human Resource
12 Department, Defendant Hodgkins, who supported the other Defendants, told Plaintiff that the
13 City of Berkeley "does not intend to take any action on [Plaintiff's] request for reinstatement."
14 Defendant Hodgkins instead told the Plaintiff that if he wanted to be considered for the position
15 of Police Officer, he would have to apply as though he were a new hire.[1]  Plaintiff did not agree
16 with this statement, but decided to move forward with a formal application.
17      In March 2009, plaintiff submitted a formal application for the position of Police Officer.
18 Because plaintiff's qualifications, experience, and education far surpassed the other "new hire"
19 and lateral police officer candidates, plaintiff was ranked "Category 1, Best Qualified."  Plaintiff
20 participated in an oral board, which he passed as the best qualified candidate.
21      When the Defendants learned that Plaintiff had initiated the formal application and
22 interview process, and had actually placed "Category 1, Best Qualified", they did everything
23 within their power to make sure that Plaintiff did not return to work as an injured officer.  The
24 Defendants and the senior leadership within the police department passed down a mandate:
25 Plaintiff was not to return to work as an injured employee because he and other injured
26 employees are nothing more than a "risk to the department."
27
28 [1] In approximately 2004, Plaintiff filed a Petition for Writ of Mandate to seek reinstatement to his former position, which was denied by the Alameda County Superior Court.

1      Defendant Hambleton, with the knowledge and consent of the remaining defendants,
2 even went so far as to say that plaintiff's "chances for coming back to work" are "not good"
3 because "who's to say he's not coming back here just for the new contract, and then what would
4 stop him from getting hurt again and going out on another disability at a higher pay rate."
5      During this period of time, defendants took every measure to prevent plaintiff from
6 returning to work as an injured and disabled worker.  For example, in June and July 2009,
7 defendants informed plaintiff that he could not be re-hired as a Police Officer because of an
8 alleged "hiring freeze."  This explanation was false.  From June 2009 to the present, the City of
9 Berkeley has hired several new and lateral police officers.
10      Moreover, during this period of time, defendants refused to engage in the good faith
11 interactive process with the Plaintiff to determine if he could return to work as a Police Officer
12 with reasonable accommodations.
13      Furthermore, during this period, Plaintiff made an internal complaint of unequal
14 treatment to the City's Human Resource Department with respect to Defendants' refusal to re-
15 hire plaintiff.  Defendants refused to investigate Plaintiff's complaint, and instead the individual
16 Defendants were furious that plaintiff would make such a complaint.
17      In approximately August 2009, the City denied plaintiff's formal application for the
18 position of Police Officer because of Plaintiffs' disability and medical condition, including
19 perceived disability and medical condition, and in retaliation for plaintiff making internal
20 complaints of unequal treatment.
21 **Defendants' Response:**
22      This lawsuit is a sham.  Many years ago, Plaintiff was unsuccessful in his lawsuit claiming
23 that he had a right to re-employment to the Police Officer position he left in 2001 when he
24 successfully pursued a lucrative "disability retirement".   From the time that the Superior Court
25 dismissed Plaintiff's lawsuit in 2004 until the present, Plaintiff applied **only one time** for a Police
26 Officer position with the City -- in early 2009.  During that application process, Plaintiff at all times
27 was treated fairly by the City as it consistently adhered to its civil service rules.  On April 21, 2009,
28 Plaintiff was placed on the Eligibility List for Lateral Police Officer (along with 17 other eligible

1  candidates) that remained valid until its expiration on April 21, 2010.  **Not only did the City make**

2  **no hires from that list, but it did not make any hires for any Police Officer position during the**

3  **entire time the Eligibility List was valid.**  Since the April 21, 2009 Eligibility List was created,

4  Plaintiff has failed to participate in any subsequent applications for any position with the City.

5        Accordingly, this is a simple lawsuit, regardless of Plaintiff's attempts to refer to irrelevant

6  and time-barred facts from the mid 1990's until he finally got around to applying one time for a

7  Police Officer position in 2009.  The sole issue for the Court to determine is whether the City's

8  decision to not hire Plaintiff prior to the expiration of the Eligibility List in April 2010 was

9  somehow discriminatory.  The undisputed fact that the City made no hires during that entire time

10 will mandate dismissal of the case at summary judgment, and possibly subject Plaintiff to liability

11 for the City's reasonable attorneys fees in defending this meritless lawsuit.

12 **3.**     **Legal Issues:**  A brief statement, without extended legal argument, of the disputed points

13 of law, including reference to specific statutes and decisions.

14 **Response:**

15       1. Whether or not Plaintiff was harassed by all defendants based upon disability and/or

16 medical condition.

17       2. Whether or not Plaintiff was discriminated against by the City of Berkeley based upon

18 disability and/or medical condition.

19       3. Whether or not Plaintiff was retaliated against by the City of Berkeley after complaints of

20 discrimination and unequal treatment were alleged.

21       4. Whether or not the City of Berkeley failed to prevent discrimination and harassment.

22       5. Whether or not the individual Defendants violated the civil rights of Plaintiff, including

23 violations of Plaintiff's First Amendment, Equal Protection, and/or Due Process rights.

24       6. Whether or not the individual Defendants should be subject to punitive damages.

25       7. Whether the Court's 2004 dismissal of Plaintiff's 2003 Petition for Writ of Mandate

26 before the Alameda County Superior Court, addressing his claims of failure to reinstate, has

27 preclusive effect, or evidentiary exclusion on Plaintiff's claims for violations of the California Fair

28 Employment and Housing Act and/or violations of the federal civil rights statute.

8. Whether all of Plaintiff's allegations prior to his 2009 application for employment are time-barred.

**4.     Motions:** All prior and pending motions, their current status, and any anticipated motions.

**Response:**

There are no prior or pending motions. Anticipated motions include a motion for summary judgment and Defendant's request for attorneys' fees.

**5.     Amendment of Pleadings:** The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

**Response:**

No party intends to amend the pleadings at this time.

**6.     Evidence Preservation:** Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

**Response:**

Plaintiff has made all reasonable attempts to preserve documents and electronically stored information ("ESI"), including preservation of emails, personnel documents, and other writings pertaining to this action.

Defendant has made all reasonable attempts to preserve documents and ESI, including preservation of emails, personnel documents, and other writings pertaining to this action. Defendant notes that this lawsuit was filed six years after Plaintiff's Writ of Mandate was dismissed, and nine years after Plaintiff was granted a "disability retirement".

**7.     Disclosures:** Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

**Response:**

Initial disclosures have not been exchanged at this time. It is proposed that a mutual exchange of initial disclosures occur on December 17, 2010.

6
JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER
C10-03410 EMC

1 **8.** **<u>Discovery:</u>** Discovery taken to date, if any, the scope of anticipated discovery, any
2 proposed limitations or modifications of the discovery rules, and a proposed discovery plan
3 pursuant to Fed. R. Civ. P. 26(f).
4 **<u>Response:</u>**
5     No discovery has been taken.  The parties do not anticipate a departure from the limitations
6 contained in the Federal Rules of Civil Procedure, including the time limitations for depositions.
7 **9.** **<u>Class Actions:</u>** If a class action, a proposal for how and when the class will be certified.
8 **<u>Response:</u>**
9     This action is not a class action.
10 **10.** **<u>Related Cases:</u>** Any related cases or proceedings pending before another judge of this
11 court, or before another court or administrative body.
12 **<u>Response:</u>**
13     There are no related cases pending before another judge of this court.  Plaintiff previously
14 filed a Petition for Writ of Mandate before the Alameda County Superior Court, but that matter was
15 dismissed in favor of the City of Berkeley in 2004.
16 **11.** **<u>Relief:</u>** All relief sought through complaint or counterclaim, including the amount of any
17 damages sought and a description of the bases on which damages were calculated.
18 **<u>Response:</u>**
19     Plaintiff seeks compensatory damages, attorney's fees and costs, interest, and punitive
20 damages against the individual defendant.  Plaintiff further seeks equitable and/or injunctive relief,
21 including reinstatement to his former position as a Police Officer.  If liability is established for any
22 discrimination, retaliation or harassment claim, damages should be calculated according to statute
23 and case law.
24     Defendant will pursue reasonable attorneys' fees in light of the fact that this lawsuit is
25 meritless, as it only concerns a single application process where it is conclusive that Plaintiff was
26 not discriminated against in any manner.
27
28

1  **12.**    **Settlement and ADR:**  Prospects for settlement, ADR efforts to date, and a specific
2  ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key
3  discovery or motions necessary to position the parties to negotiate a resolution.
4  **Response:**
5      The Plaintiff and Defendants are willing to participate in Early Neutral Evaluation ("ENE").
6  **13.**    **Consent to Magistrate Judge for All Purposes:**  Whether all parties will consent to
7  have a magistrate judge conduct all further proceedings including trial and entry of judgment.
8  **Response:**
9      The parties are willing to consent to a magistrate judge.
10 **14.**    **Other References:**  Whether the case is suitable for reference to binding arbitration, a
11 special master, or the Judicial Panel on Multidistrict Litigation.
12 **Response:**
13     An employment law case with nearly all facts in dispute is not well suited for arbitration.
14 No special master is needed, nor is there multidistrict litigation.
15 **15.**    **Narrowing of Issues:**  Issues that can be narrowed by agreement or by motion,
16 suggestions to expedite the presentation of evidence at trial (e.g. through summaries or stipulated
17 facts), and any request to bifurcate issues, claims, or defenses.
18 **Response:**
19     If the case proceeds beyond summary judgment, Defendant will move to dismiss all of
20 Plaintiff's allegations prior to his 2009 application for employment as time-barred.
21 **16.**    **Expedited Schedule:**  Whether this is the type of case that can be handled on an
22 expedited basis with streamline procedures.
23 **Response:**
24     No.
25 **17.**    **Scheduling:**  Proposed dates for designation of experts, discovery cutoff, hearing of
26 dispositive motions, pretrial conference and trial.
27     The parties propose the following schedule.
28     Proposed Dates:

1       Deadline to Amend Pleadings:  January 3, 2011Non-expert Discovery Cutoff:  July 25,

2 2011

3       Designation of Experts:  September 7, 2011

4       Expert Discovery Cutoff:  November 4, 2011

5       Dispositive Motions filed by:  August 29, 2011

6       Dispositive Hearings no later than:  October 3, 2011

7       Pretrial Conference:  November 21, 2011

8       Jury Trial Date: December 5, 2011

9 **18.** **<u>Trial:</u>** Whether the case will be tried to a jury or to the court and the expected length of

10 the trial.

11 **<u>Response:</u>**

12 Plaintiff has requested a jury trial.  Plaintiff estimates length of trial is 7-8 court days;

13 Defendants estimate 3 court days.

14 **19.** **<u>Disclosure of Non-party Interested Entities or Persons:</u>** Whether each party has filed

15 the "Certification of Interested Entities or Persons" required by Civil Local rule 3-16.

16 **<u>Response:</u>**

17 Defendant has not filed a "Certification of Interested Entities or Persons" because Rule 3-

18 16(a) specifically exempts governmental entities such as the City of Berkeley from this requirement.

19 **20.** Such other matters as may facilitate the just, speedy and inexpensive disposition of this

20 matter.

21 **<u>Response:</u>**

22 None.

23                 Respectfully submitted:

24                 ZACH COWAN, City Attorney
25                 MARK J. ZEMBSCH, Deputy City Attorney

26
 Dated:   November 24, 2010.       By:            /s/
27                 MARK J. ZEMBSCH, Deputy City Attorney
                Attorneys for City of Berkeley and David Hodgkins
28

9
JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND [PROPOSED] ORDER
C10-03410 EMC

Respectfully submitted:

KAHN BROWN & POORE LLP

Dated:   November 24, 2010.        By:_____/s/_____
DAVID M. POORE
Attorney for Plaintiff Timothy Gardner

**CASE MANAGEMENT ORDER**

The foregoing Joint Statement as amended is adopted by this Court as the Case Management Order in this action in accordance with Civil Local Rule 16 and other applicable Local Rules; and shall govern all further proceedings in this action.

IT IS SO ORDERED.

DATED: _____        _____
Edward M. Chen
United States Magistrate Judge